UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OLYMPUS SERVICES, LLC d/b/a
PROJECT MANAGEMENT TRAINING,

    Plaintiff/Counter-Defendant,

v.                                                        Case No. 18-11459

TRENTON GREENER,                             HON. AVERN COHN

    Defendant/Counter-Plaintiff.
_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY[1]
(Doc. 9)
AND
DIRECTING PLAINTIFF TO FILE A PROPOSED INJUNCTION ORDER
AND STATEMENT OF DAMAGES**

I.

This is an employment case. Plaintiff Olympus Services, LLC d/b/a Project Management Training Institute is suing defendant Trenton Greener[2] alleging he violated a non-compete provision in his employment agreement, failed to return plaintiff's property, and disseminated plaintiff's confidential information. The complaint seeks damages and injunctive relief and asserts the following claims:

    Count I - breach of contract

    Count II - common law conversion

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Defendant is proceeding pro se and is an electronic filer.

      Count III - statutory conversion

      Count IV - unjust enrichment

      Count V - injunctive relief

Defendant filed an answer and counterclaim alleging breach of contract.

Before the Court is plaintiff's motion for summary judgment on liability.[3] Defendant has not responded to the motion and the time for responding has long passed.[4] Accordingly, the Court will proceed to decision on the motion based on plaintiff's motion papers.[5] For the reasons that follow, the motion will be granted.

## II. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

---

[3] Plaintiff seeks summary judgment on liability only. Plaintiff also requests entry of an injunction and a determination of damages.

[4] Plaintiff's motion for summary judgment was filed on January 18, 2019. Under the local rules, a response was due on or before February 11, 2019. No response was filed. On March 11, 2019, the Court entered an order requiring a response be filed by March 22, 2019. The Court later extended the deadline to April 15, 2019. That date has passed and there have been no filings by either party.

[5] See Elec. Workers Pension Tr. Fund of Local Union No. 58 v. Acad. Elec., LLC, 2008 WL 2275411, at *1 (E.D. Mich. June 3, 2008).

Significantly, Rule 56 also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). Finally, if a party fails to respond to a motion for summary judgment the Court "is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged . . . [the summary judgment] burden." Carver v. Bunch, 946 F.2d 451, 454–55 (6th Cir. 1991).

### III. Discussion

As fully set forth in plaintiff's brief and exhibits, which are incorporated by reference, plaintiff has met its summary judgment of establishing all of the necessary elements to prevail as a matter of law on Counts I, II, III, and V of the complaint.[6] Plaintiff has also established that defendant is not entitled to summary judgment on his counterclaim.

Accordingly, plaintiff's motion is GRANTED as to liability only. Plaintiff shall within 15 days file a proposed injunction order and a statement of damages. If plaintiff

---

[6]In light of finding that defendant breached the contract in Count I, plaintiff's alternative claim for unjust enrichment in Count IV is DISMISSED.

3

requires a hearing on damages, it shall inform the Court and a hearing will be scheduled.

SO ORDERED.

                                              <u>S/Avern Cohn</u>
                                                  AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: 4/24/2019
       Detroit, Michigan